# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| ARIE D. BAX, S. NAKI RICHARDSON-BAX, JOSEPH CHRISTOFF, and FELICIA CHRISTOFF, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 9:19-cv-1719-DCN |
| vs. | ) ) ) | **ORDER** |
| ALLSTATE INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on plaintiffs' motion to amend their complaint, ECF No. 8, and plaintiff's motion to remand, ECF No. 9. For the reasons set forth below, the court denies without prejudice the motion to amend the complaint and denies the motion to remand.

## I. BACKGROUND

The facts of this case are relatively straightforward. Plaintiffs Joseph and Felicia Christoff ("the Christoffs") purchased a flood insurance policy for their house ("the Policy"). The Policy was issued by defendant Allstate Insurance Co. ("Allstate"). The Christoffs subsequently sold their house to plaintiffs Arie D. Bax ("Bax") and S. Naki Richardson-Bax ("Richardson-Bax"). Bax and Richardson-Bax were allegedly added as "other insureds" to the Policy. On October 8, 2016, Bax and Richardson-Bax's home was damaged by a flood, and Bax and Richardson-Bax submitted a claim under the Policy to Allstate. After investigating the claim, Allstate issued a coverage denial letter on October 29, 2016.

1

As a result, plaintiffs filed suit against Allstate in the Court of Common Pleas for the Fourteenth Judicial District in Beaufort County, South Carolina on May 7, 2019. The complaint brings causes of action for breach of contract and bad faith. Allstate removed the action to federal court on June 14, 2019. Then on July 1, 2019, plaintiffs filed a motion to amend the complaint, ECF No. 8, and a motion to remand, ECF No. 9. Allstate responded to the motion to remand on July 15, 2019, ECF No. 10, but did not respond to the motion to amend the complaint. Plaintiffs did not file a reply. The motions are now ripe for review.

## II. STANDARD

As the party seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted), Pohto v. Allstate Ins. Co., 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III.   DISCUSSION

Plaintiffs simultaneously filed a motion to amend their complaint and a motion to remand.  The court discusses each in turn.

**A.  Motion to Amend Complaint**

Plaintiffs seek to amend their complaint to add Kinghorn Insurance of Beaufort LLC as a defendant and to add several new causes of action.  Plaintiffs attached their proposed amended complaint to their motion.  Allstate did not file a response to the motion.  When a party fails to respond to a motion, the court decides the motion on the record before it.  Local Civ. Rule 7.06 (D.S.C.).

Plaintiffs argue that they should be permitted to amend their complaint because they sought permission to amend within 21 days of receiving Allstate's answer, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and because there is nothing here to prevent the court from freely giving leave, pursuant to Rule 15(a)(2).  The court first notes that, at the time plaintiffs filed their motion, plaintiffs did not need to seek leave from the court to amend their complaint.  Rule 15 provides that "[a] party may amend its pleading once <u>as a matter of course</u>" within 21 days of service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B) (emphasis added).  The court points this out to clarify that plaintiffs filing their motion within 21 days of receiving Allstate's answer is irrelevant to the court's inquiry here.

Now that the 21-day time period to amend as a matter of course has passed, the court must consider if "justice so requires" the court give leave.  In considering the issue, the court is a bit perplexed by plaintiffs' request for the court to accept proposed amended complaint.  The caption of the proposed amended complaint contains

information for the state court, not this court.  Clearly, this court cannot give leave to plaintiffs to amend their complaint in state court, and the court cannot accept a state court complaint in federal court.  As such, the court denies the motion to amend without prejudice.  If plaintiffs want to amend their complaint in this court, they may refile their motion with a properly captioned proposed amended complaint.

### B. Motion to Remand

Plaintiffs also ask the court to remand this matter to state court.  Allstate removed this case, arguing that the court has exclusive jurisdiction under a provision of the National Flood Insurance Act of 1968, 42 U.S.C. § 4072; federal question jurisdiction under 28 U.S.C. § 1331; diversity jurisdiction under 28 U.S.C. § 1332; federal jurisdiction under 28 U.S.C. § 1337; and supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.  Plaintiffs argue that none of these statutes provide a basis for federal jurisdiction.

Starting with Allstate's first basis for removal, 42 U.S.C. § 4072, plaintiffs argue that exclusive jurisdiction cannot be established because plaintiffs never received notice, pursuant to § 4072, that they were required to file suit against the Federal Emergency Management Agency ("FEMA") Administrator within one year of the denial of their claim for coverage.  Allstate provides more context for this ground of removal, explaining that the Policy is a Standard Flood Insurance Policy ("SFIP") issued through the National Flood Insurance Program ("NFIP").  The NFIP was created by the National Flood Insurance Act of 1968 to help combat the hardships associated with the growing number of flood losses.  Woodson v. Allstate Ins. Co., 855 F.3d 628, 631 (4th Cir. 2017).

Under the NFIP, flood insurance policies are sold either by FEMA or by private insurance companies, like Allstate. Id.

> Section 4072 provides that
>
> > upon the disallowance by the [FEMA] Administrator of any such claim . . . the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and <u>original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy</u>.

42 U.S.C. § 4072 (emphasis added). While interpreting this statute, the Fourth Circuit has explicitly held that "National Flood Insurance Policies, claims under those Policies, and disputes relating to the handling of claims under those Policies are highly regulated and subject exclusively to federal law." Id. at 632. The Fourth Circuit has further explained that the National Flood Insurance Act and its related regulations make clear that

> (1) that the limitations period of one year begins to run from the date all or part of the claim is denied; (2) that the action may be filed <u>only</u> in a U.S. District Court; (3) that the U.S. District Court must be where the property is located; and (4) that these requirements and restrictions apply not only to "any claim . . . under the policy," but also to "any dispute . . . arising out of the handling of any claim under the policy."

Id. at 634 (emphasis in original). Plaintiffs do not dispute that the Policy is a SFIP that is regulated by the NFIP. Both the plain language of § 4072 and the Fourth Circuit's interpretation of the statute clearly indicate that this court has exclusive jurisdiction over any claim or any dispute arising out of the handling of any claim under the Policy. Both of plaintiffs' claims, breach of contract and bad faith, arise out of Allstate's handling of

plaintiff's claim under the Policy. As such, the court finds that it has jurisdiction over this case.

Plaintiffs argue that remand is inappropriate because they "never received notice that is required and complies with the language of 42 USC 4072." ECF No. 9 at 5. Plaintiffs seem to suggest that Allstate was obligated to tell them that plaintiffs had one year after receipt of Allstate's denial letter to file suit against the FEMA Administrator, and that because Allstate failed to do so, the court cannot exercise exclusive jurisdiction over this action. This argument misconstrues § 4072.

First, the statute does not require plaintiffs to file suit against the FEMA Administrator. While § 4072 does refer to "institut[ing] an action against the Administrator," that is only required if the Administrator is the party who denies the SFIP claim. As discussed above, a SFIP may be issued by either FEMA or a private insurance company. Therefore, when it is the private insurance company who issued the SFIP and denies the claim, the suit must be filed against the insurance company and not the uninvolved FEMA Administrator. This is illustrated in Woodson, a case in which the plaintiffs obtained a SFIP from Allstate, Allstate denied a claim, and plaintiffs sued Allstate, not the Administrator, to dispute the denial. 855 F.3d at 630. As such, plaintiffs were not required to file suit against the Administrator.

Moreover, the only notice referenced in § 4072 is notice of a denial of a SFIP claim, and plaintiffs received that notice in the form of Allstate's letter denying coverage. Plaintiffs do not dispute that they received the denial letter. Compl. ¶ 5. Therefore, Allstate complied with any notice requirements in § 4072, and the court retains exclusive

jurisdiction over this matter. Because the court has jurisdiction over this matter pursuant to 42 U.S.C. § 4072, the court declines to address plaintiffs' other arguments for remand.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES WITHOUT PREJUDICE** the motion to amend the complaint and **DENIES** the motion to remand.

**AND IT IS SO ORDERED.**

_/s/ David C. Norton_

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 17, 2019**
**Charleston, South Carolina**